[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 29, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11650
Non-Argument Calendar

_____

D. C. Docket No. 05-00012-CR-D-S

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLIE MAYES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(December 29, 2006)

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Charlie Mayes appeals his conviction and 60-month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Mayes asserts the following grounds for appeal: (1) the district court erred in denying his motion for a judgment of acquittal because the evidence was not sufficient to prove that he knowingly possessed a firearm; and (2) the district court erred in denying his request for a downward departure based on his mental condition; or, in the alternative, the district court should have sentenced him at the low end of the Guidelines range. We conclude there was sufficient evidence to sustain his conviction, we do not have jurisdiction to review the denial of the downward departure, and his sentence is reasonable.

## I. DISCUSSION

A. *Sufficiency of Evidence*

Mayes contends the evidence was not sufficient to establish he knowingly possessed a firearm. He asserts there was no direct evidence that he knew the gun was in the truck, but there was direct evidence the gun belonged to his mother, who put the gun in the truck so it would not be in the house when Mayes spent the night there. He contends the only evidence connecting him to the gun was that it was found under the seat of the vehicle he was driving.

We review sufficiency-of-the-evidence challenges *de novo*, "viewing the

2

evidence in the light most favorable to the government and drawing all reasonable inferences from the evidence in favor and in support of the jury verdict." *United States v. Smith*, 231 F.3d 800, 806 (11th Cir. 2000). The jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial. *United States v. Sanchez*, 722 F.2d 1501, 1505 (11th Cir. 1984). We cannot reverse a conviction for insufficiency of evidence unless we conclude that no reasonable factfinder could find proof of guilt beyond a reasonable doubt. *United States v. Jones*, 913 F.2d 1552, 1557 (11th Cir. 1990).

"To establish a violation of § 922(g)(1), the government must prove beyond a reasonable doubt three elements: (1) that the defendant was a convicted felon, (2) that the defendant was in knowing possession of a firearm, and (3) that the firearm was in or affecting interstate commerce." *United States v. Deleveaux*, 205 F.3d 1292, 1296-97 (11th Cir. 2000). "Possession, in the context of § 922(g)(1), requires that the defendant knowingly possess the firearm, and may be proven either by showing that the defendant actually possessed the firearm, or by showing that he constructively possessed the firearm." *United States v. Gonzalez*, 71 F.3d 819, 834 (11th Cir. 1996) (citations omitted). "For a person to have constructive possession over a firearm, the person must have both the intent and the power to exercise dominion and control over the firearm. As such, a defendant must, in fact,

3

know of the firearm's existence in order to exercise dominion and control over it." *Id.* (quotations and citations omitted).

Here, the only element at issue is whether Mayes knowingly possessed the firearm. The evidence showed a gun was found in a truck driven by Mayes. While inspecting the truck, Officer Spivey saw a gun in plain view, partially underneath the driver's seat. Officer Spivey had previously seen Mayes drive the same truck two or three times, and Mayes had his own set of keys to the truck. Additionally, Mayes' former parole officer, Tommy Scarborough, saw the truck at Mayes' home in 1997, and Mayes had driven the truck to Scarborough's office. Joseph Evans testified that Mayes had the truck serviced at his shop. Mayes had also received six traffic citations while driving the truck.

Although there was other evidence presented permitting the conclusion that Mayes did not normally drive the truck, did not know his mother owned the gun, and did not know that the gun had been placed in the truck before he drove it, a reasonable juror could have also determined Mayes knew the gun was in the truck that he regularly drove. The jury had the opportunity to view first-hand the individuals presenting the evidence and weigh their credibility. *See Sanchez*, 722 F.2d at 1505. Because a reasonable factfinder, based on the evidence presented at a trial, could find proof Mayes knowingly possessed the gun beyond a reasonable

4

doubt, the district court did not err in denying Mayes' motion for a judgment of acquittal. *See* 18 U.S.C. § 922(g)(1); *Jones*, 913 F.2d at 1557.

B. *Sentence*

Mayes also contends the district court failed to consider his mental condition of schizophrenia in arriving at his sentence. He asserts the district court should have granted him a downward departure, or, in the alternative, sentenced him to the low end of the Guidelines range.

If the defendant requests a downward departure from the Guidelines range, and the district court refuses to grant the departure, we have no jurisdiction to review the district court's decision "unless the district court incorrectly believed that it lacked the statutory authority to depart from the guideline range." *United States v. Norris*, 452 F.3d 1275, 1282 (11th Cir. 2006). The district court recognized it had the authority to grant Mayes a downward departure in sentencing him due to his mental illness, but decided not to do so. Thus, we cannot review that decision.

Following the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), we review sentences under the advisory Guidelines for reasonableness. *Id.* at 765. The district court must first correctly calculate the defendant's Guidelines range, then, using the 18 U.S.C. § 3553(a) sentencing

5

factors, the court can impose a more severe or more lenient sentence, as long as it is reasonable. *United States v. Crawford*, 407 F.3d 1174, 1179 (11th Cir. 2005). To the extent Mayes argues his sentence was unreasonable because it was in the upper portion of the Guidelines range, the court correctly determined the Guidelines range and considered the § 3553(a) factors. We conclude his sentence is reasonable.

## II. CONCLUSION

Sufficient evidence supports Mayes' conviction for being a felon in possession of a firearm. We do not have jurisdiction to review the denial of a Mayes' request for a downward departure, but we conclude his sentence is reasonable.

**AFFIRMED IN PART, DISMISSED IN PART.**